Eastern District of Kentucky
F I L E D
JAN 02 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

|  |  |
|---|---|
| SPECIALIZED LOAN SERVICING HOLDINGS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN D. SMITH,<br><br>Defendant. | Case No. 0:18-cv-00123-HRW<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Karen D. Smith, proceeding without an attorney, has filed a Notice of Removal seeking to remove a civil action against her from Greenup Circuit Court to this federal Court. [R. 1.] Smith has also moved to proceed *in forma pauperis*. [R. 3.] For the reasons that follow, Smith's action is not appropriately removed to federal court, and this matter will be **REMANDED** to the Greenup Circuit Court for further litigation.

Federal courts are courts of limited jurisdiction, and civil lawsuits may only be removed from state court to federal court in the circumstances outlined in the Federal Rules of Civil Procedure and United States Code. While it is not at all apparent that the Court actually has appropriate subject-matter jurisdiction over this matter as Ms. Smith claims, Smith's attempt at removal is untimely even if the that jurisdiction did exist. Pursuant to 28 U.S.C. § 1446, the notice of removal of a civil

proceeding must generally be filed within thirty days after the defendant's receipt of the initial pleading setting forth the plaintiff's claim for relief. *See* 28 U.S.C. § 1446(b)(1). The state court record of this action indicates that Ms. Smith was served with the plaintiff's complaint in June 2014. *See Specialized Loan Servicing, LLC v. Smith*, Greenup Circuit Court Action No. 14-CI-00292. Thus, even if Ms. Smith were correct in her assertion that the Court enjoys original jurisdiction over the action [*see* R. 1-1 at 2 (suggesting the state action involves admiralty and maritime law)], the law still requires a more timely removal of the case. 28 U.S.C. § 1446(b)(1).

The United States Supreme Court has made clear that "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (collecting relevant cases). In this matter, the Notice of Removal filed by Ms. Smith fails to strictly satisfy a variety of relevant removal statutes, and the matter will therefore be remanded to the Greenup Circuit Court. Accordingly, Ms. Smith's request to proceed in federal court without the prepayment of fees is no longer relevant.

It is hereby **ORDERED** as follows:

1. This matter is **REMANDED** to the Greenup Circuit Court for further litigation;

2. Smith's motion to proceed in forma pauperis [R. 3] is **DENIED**, as moot; and

3. This matter is **STRICKEN** from the Court's active docket.

1/2/19



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge